UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JASON PATTEN,

         Plaintiff,

vs.

R. ATIENZA, et al.,

         Defendants

Case No. 1:13 cv 01289 GSA PC

ORDER DISMISSING COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO FILE
AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE
IN THIRTY DAYS

I.      **Screening Requirement**

      Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction  pursuant to 28 U.S.C. § 636(c).[1]

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 3, 2013 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

## II.    Plaintiff's Claims

Plaintiff, formerly an inmate in the custody of the California Department of Corrections

and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against

defendant CDCR officials employed by the CDCR at  Avenal.  Plaintiff names the following

individuals:  R. Atienza, M.D.; I. Mathos, Nurse Practitioner (NP); D. Bonnheim, M.D.; M.

Grande, RN; A. Kaleka, M.D.; S. Perkins, RN; Does 1-5.  Plaintiff also names as a defendant

California Correctional Health Care Services.[2]   Plaintiff claims that he was subjected to

inadequate medical care such that it violated the Eighth Amendment prohibition on cruel and

unusual punishment.  Plaintiff is also proceeding on a state law claim for negligence.

---

[2] Plaintiff is advised that, as an agency of the State of California, California Correctional Health
Care Services is immune from suit under section 1983.  Natural Resources Defense Council v. California
Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d
1040, 1045 (9th Cir. 1989).

Plaintiff alleges that on February 2, 2012, he sought treatment for an injury that Plaintiff suffered while moving office equipment at his job assignment at Avenal.  On February 14, 2012, Plaintiff was seen by Dr. Atienza and was told that he would be recommended for hernia surgery. Plaintiff was told to refrain from exercise while awaiting surgery.  On April 12, 2012, Dr. Atienza "reiterated that he had recommended me for hernia surgery."   Dr. Atienza also prescribed Ibuprofen, Tylenol and Robaxin for pain.

On April 13, 2012, Plaintiff appeared at pill line to get his medication.  The person dispensing the medication told Plaintiff he could have the Ibuprofen and Tylenol, but not the Robaxin as it was an "as needed" prescription.  Plaintiff was told to come back later in the day for that medication.  When Plaintiff returned , there were approximately 60 people in line. Plaintiff was in too much pain to stand in line, so Plaintiff left.

Plaintiff alleges that "on numerous occasions" between April 12 and April 22,2012, he requested and was denied medication for his back pain.  Plaintiff alleges that, as an example, on April 20, 2012, there were approximately 70 people in line.  Plaintiff returned to his housing unit because it would be too painful to stand in line for that long.  Plaintiff went back later in the evening, and made it to the pill window.  The person dispensing the medication "showed me my medication and told me that I would have to come back tomorrow at five to get it – even after acknowledging my extreme pain."

On April 21, 2012, Plaintiff received a dose of Robaxin.  On April 23, 2012, when Plaintiff went back for another dose, he was informed that his prescription had expired.  The person at the window refused to give Plaintiff an expired dose.

On June 13, 2012, Plaintiff submitted a health care request and was seen by Dr. Atienza the next day.  Dr. Atienza told Plaintiff that he had again recommended him for surgery.   On June 27, 2012, Dr. Bonnheim scheduled Plaintiff for the surgeries.  On July 6, 2012, Plaintiff spoke with Defendant Mathos, who assured Plaintiff that he was scheduled for surgery.

On July 11, 2012, Plaintiff was summoned by Defendant Bonnheim.  He told Plaintiff that Defendant Mathos had "messed up the paperwork again."  Dr. Bonnheim assured Plaintiff

3

that he would be scheduled for surgery "soon."   On July 25, 2012, Dr. Atienza told Plaintiff that he had been approved for surgery "at least twice," and he did not know why Plaintiff has not had the surgery yet.

On November 6, 2012, Plaintiff was transported to the Correctional Medical Center where he underwent surgery.  Dr. Bonnheim performed the surgery and prescribed Morphine for pain.  Upon his return to Avenal, Defendants Kaleka and Grande changed the prescription from Morphine to Tylenol.   On November 8, 2012, Plaintiff was informed by Mr. Hitchman (not named as a defendant) that Plaintiff "should not be up and walking around so much yet" and that there was nothing he could do about Plaintiff having to walk "great distances" to get food and medication.

On November 9, 2012, Plaintiff walked approximately ¼ of a mile to breakfast and to the clinic to get his pain medication.  Plaintiff was told that he had to come back in half an hour to get his medication.  Plaintiff was in too much pain to return a half hour later.

On November 10, 2012, Plaintiff was in too much pain to go to breakfast or to the a.m. medication line.  Plaintiff went to the medication line at noon and received Tylenol.  The person dispensing the medication crushed the medication, put into a small cup of water and told Plaintiff to swallow it in front of him.  Because Plaintiff had an empty stomach, he got sick.  Plaintiff alleges that "I still experience pain and discomfort on both sides, i.e., where the surgery was performed and on my left side – where my hernia has still not been repaired."

A.      **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v.

4

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff does clearly set forth an objectively serious medical condition, but Plaintiff fails to specifically charge each of the individually named Defendants with specific conduct indicating that they personally engaged in conduct that constitutes deliberate indifference.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).  Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that

harm.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

## III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


        IT IS SO ORDERED.

                                                        Dated:   __**January 21, 2015**__

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7