UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN,<br><br>          Plaintiff,<br><br>     vs.<br><br>R. ATIENZA, et al.,<br><br>          Defendants. | 1:13-cv-01289-EPG-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 1.)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.     BACKGROUND

Jason Patten ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 15, 2013. (ECF No. 1.)  On September 3, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the

Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 21, 2015, the court screened Plaintiff's Complaint under 28 U.S.C. §1915A and entered an order dismissing the Complaint for failure to state a claim, with leave to amend within thirty days.  (ECF No. 6.)  On February 24, 2015, the court dismissed this case and entered judgment, based on Plaintiff's failure to comply with the thirty-day deadline in the court's order.  (ECF Nos. 14, 15.)  On August 24, 2015, Plaintiff filed a notice of change of address and a motion for clarification of the status of his case.  (ECF No. 16.)  It was discovered that Plaintiff's earlier change of address had not been properly reflected on the Court's docket, causing Plaintiff's court mail to be sent to the wrong address.  Based on this finding, the Court reopened Plaintiff's case on October 2, 2015, served Plaintiff with a copy of the January 21, 2015 order, and granted Plaintiff thirty days in which to file an amended complaint. (ECF No. 17.)

More than forty-five days have passed, and Plaintiff has not complied with or otherwise responded to the Court's October 2, 2015 order.  As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.  In the January 21, 2015 order, the Court informed Plaintiff of the deficiencies in his Complaint, and dismissed the Complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.

Because Plaintiff has not filed an amended complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a claim upon which the Court could grant relief.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

///

2.    This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.    The Clerk is directed to close this case.

IT IS SO ORDERED.

   Dated:    **November 23, 2015**                    /s/ *Erica P. Grosjean*
                                                             UNITED STATES MAGISTRATE JUDGE